Ramey et al. *v.* Purvis.

———— •-•-••-> ————

38 499<br>f83 191

JAMES RAMEY et al. *v.* JOHN W. PURVIS.

PRINCIPAL AND SURETY: EFFECT OF NOTICE TO SUE BY ONE OF SEVERAL SURETIES.—Where one of several sureties, in pursuance of Art. 1, p. 362 of the Rev. Code, gives notice, in his own behalf, to the creditor to institute suit for the recovery of the debt within the time prescribed by the statute, the failure of the creditor to sue as required will operate as a discharge of that surety only, who gave the notice ; it will not affect his rights against the others.

ERROR to the Circuit Court of Yazoo county. Hon. E. G. Henry, judge.

*Gibbs* and *Wilkinson*, for plaintiff in error.

In this case, but one question is presented in the record. The sureties on the note sued on plead specially that they notified plaintiff, more than thirty days before the ensuing term of the court, to sue, and that he failed to do so. Plaintiff replied, that the notice was given by one of the co-sureties, for himself, and it was no discharge of the other. Defendants' demurrer to this replication was overruled.

In this, we contend, the court erred. We contend that notice by one necessarily enured to the benefit of his co-surety. See Code, p. 362. It is true the statute says, if "any person," &c., "and the creditor shall be barred of all recovery against him." Though the singular number is used, it was evidently intended to embrace a class. It was to discharge those who occupied the relation of surety, otherwise the statute amounts to nothing where there are more sureties than one. For it is very clear that one of several sureties could not, by giving notice, fix upon his co-surety a liability greater than he contracted for. Thompson and Barnett were co-sureties. Barnett's contracts with Thompson and the payee in the note, was to pay one-half of it, if the principal failed to pay it. Thompson can't change the whole contract, and throw the whole liability upon Barnett, by quietly, and without the knowledge of his co-surety, giving the notice under the statute. And if this judgment is correct, Barnett can sue Thompson for contribution. Thompson would certainly be compelled to pay, and his notice amounts to nothing, and the statute is inoperative. It is a well-settled principle, that where parties jointly execute a promissory note, they are, *pro hac*, partners. And it is also a well-recognized principle that notice by or to one of two parties, enures to the other.

If the act could operate at all, it operates the discharge of Thompson by the failure of plaintiff to sue. This negligence of plaintiff, if it did not discharge Barnett, certainly could not be held to double his liability. If there could be judgment at all against these parties, it should have been against both, or at most if against Barnett only, then for one-half of the debts.

*E. Bowman*, for defendant in error.

The meaning and effect of the statute, Art. 1, p. 362, Rev. Code,

appear to be unmistakable. Its provisions by its terms are expressly confined to the surety giving notice, and does not operate as a discharge to co-sureties who give no notice. Its phraseology shows that the legislature intended limiting the operation of the statute to the particular surety notifying the creditor. The conduct of a creditor receiving a requisition by one of several sureties, and failing to comply with it, amounts to no more than a waiver of his right of action against the surety making the requisition. The surety who gives no notice cannot complain. He is presumed to be aware of the law, and has no right to rely on others to take care of him. And is it not fair to infer from his silence that he is content to abide the responsibility out of regard and friendship to the principal for whose sake he incurred it ?

HANDY, J., delivered the opinion of the court.

This action was brought by the defendant in error against Ramey, Thompson, and Barnett, the makers of a promissory note, the amount of which was sought to be recovered. Thompson and Barnett pleaded, 1st, the general issue ; 2d, that they signed the note as sureties for Ramey, and that one of them duly notified the plaintiff to institute suit thereon to the next term thereafter, which was more than thirty days after the service of the notice, said Ramey being then, and continuing to be, a resident of Yazoo county, and that the plaintiff failed to bring the suit as required. To the second plea, the plaintiff replied that the notice was given by Thompson, and on his own behalf, and was confined exclusively to him, and that no notice was given by the co-surety. A demurrer was filed to this replication, and was overruled; but upon the trial on the general issue, a verdict was rendered against Barnett, but in favor of Thompson, and Ramey made default. Judgment was rendered accordingly, and this writ of error is prosecuted by Ramey and Barnett.

The only error assigned is, the judgment on the demurrer; and the question presented is, whether a notice given by one of two sureties, in his own behalf, in accordance with the statute, Revised Code, 362, Art. 1, will operate to the benefit of both sureties upon the failure of the plaintiff to bring suit as required.

The statute authorizes "any surety" to give the notice, and

Ramey et al. *v.* Purvis.

provides, that if the creditor shall fail to bring suit as required, "the surety who shall have given such notice, shall be discharged from liability, and the creditor shall be barred of all recovery against him."

It appears to be plain, from this phraseology, that the notice was intended to be a privilege to the surety who might see fit to give it, and to operate to his sole benefit. The rule established by the statute is, that a surety desiring and requiring suit to be brought, should be discharged upon the failure of the creditor to sue accordingly. This might be the case with one of two co-sureties, while the other might desire that suit should not be brought. The reason as well as the language of the statute applies to the former case, but not to the latter; and there is nothing in it which can be justly construed to compel a creditor to sue a surety, under penalty of losing his debt against him, unless he desires to be sued, and gives notice accordingly.

But it is contended, that the discharge of one surety must work a discharge of the other, because the claim for contribution which the latter, in case of payment of the debt by him, had against the former, by virtue of the original obligation, is thereby destroyed. If this be conceded to be true, it does not show that the surety, failing to avail himself of the privilege authorized by the statute, is discharged by the act of his co-surety. For the statute provides how one surety may be discharged. It authorizes the discharge of one surety in a particular manner, and is silent as to the liability of others; and it is, in respect to the objection under consideration, tantamount to authority given to the creditor to release one of two sureties in a specified mode. It was, then, a part of the law in relation to the rights of sureties; and the contract of surety-ship must be considered as having been entered into with reference to it, and the rights of the parties to it be governed by it; for the statute incorporated into the Revised Code, and which thereby appears to be of subsequent date to this note, is in substance but a re-enactment of the Statute of 1854, ch. 27. Hence, if the effect of the discharge of the surety Thompson, be to leave his co-surety, who is not discharged from the plaintiff's claim, without remedy for contribution against him, it is a result produced by the statute, allowing one surety to be discharged without affecting the creditor's

claim against his co-surety. The contract of the sureties was entered into subject to the rule established by the statute, which governs both their liabilities and their rights; and the statute cannot be held to prejudice the rights of the creditor further than its positive provisions require.

Judgment affirmed.